UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SABREEN NASSAR,<br><br>Plaintiff,<br><br>v.<br><br>SIX FLAGS GREAT ADVENTURE,<br>SIX FLAGS ENTERTAINMENT CORP.,<br>John Does I through X,<br><br>Defendants. | Civ. No. 17-2549 (KM) (MAH)<br><br>OPINION |

## KEVIN MCNULTY, U.S.D.J.:

This matter comes before the court on defendants' motion to dismiss part of the Complaint, in particular the claim of intentional infliction of emotional distress ("IIED"), for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated herein, the motion will be granted.

### I. BACKGROUND

The allegations of the Complaint, assumed to be true for purposes of this motion (see Section II.A, *infra*), may be summarized as follows.

On August 19, 2016, the plaintiff, Sabreen Nassar, was a paying customer on the premises of Six Flags Great Adventure amusement park in Jackson, New Jersey. She rode on a roller coaster called "El Toro." While doing so, she was "caused to sustain serious injuries to her head, face and mouth due to having been viciously struck about the face, head and mouth by a part of the ride (or other flying object) . . . ." (Complaint, ECF no. 1-1 ("Cplt.") ¶ 5) The defendants and their agents are alleged to have committed negligent acts or omissions, including failure to maintain the ride properly, failure to warn of a dangerous condition, failure to inspect the ride properly, and maintaining a dangerous condition for an unreasonable period of time. (Cplt. ¶ 9) Defendants

1

are also alleged to have failed to care for Ms. Nassar when she was injured. (Cplt. ¶ 11) Ms. Nassar alleges that she has maintained permanent injury, requiring medical attention. It is alleged that the defendant's actions "constitute the intentional infliction of emotional distress" as well as a breach of the "duty of care." (Cplt. ¶¶ 13, 14)

Ms. Nassar, through counsel, filed her complaint in New Jersey Superior Court, Law Division, Sussex County. The defendants filed a notice of removal, based on this court's diversity jurisdiction. 28 U.S.C. § 1332(a). (ECF no. 1) The notice of removal states that Ms. Nassar is a citizen of the State of New Jersey. It implies that the defendants are incorrectly named in the complaint, and that the relevant entities are Six Flags Great Adventure, LLC, and Six Flags Theme Parks, Inc., which are alleged to be citizens of states other than New Jersey. (I will refer to defendants collectively as "Six Flags.") Although this New Jersey civil complaint does not contain an *ad damnum* clause, the nature of the injuries alleged gives rise to a plausible inference that the damages claimed are in excess of $75,000.

Facially, then, the notice sets forth a basis for this Court's jurisdiction, and the plaintiff has not moved to remand. Of course, a defect in the Court's subject matter jurisdiction may be raised at any time, should such an issue emerge in discovery.

## II. DISCUSSION

### A. Standard on a Rule 12(b)(6) Motion

Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss, a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140

2

F.3d 478, 483 (3d Cir. 1998); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) ("reasonable inferences" principle not undermined by later Supreme Court *Twombly* case, *infra*).

Fed. R. Civ. P. 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' ... it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678 (2009).

### B. Intentional Infliction of Emotional Distress

Six Flags asserts that the IIED claim must be dismissed because the Complaint fails to allege (a) an "intentional" state of mind; (b) "extreme and outrageous" conduct; and (c) sufficiently "severe" emotional distress.

To state a prima facie case for IIED, a plaintiff must plausibly assert that: 1) The defendant acted either intentionally to do the act and to produce emotional distress or acted "recklessly in deliberate disregard of a high degree of probability that emotional distress will follow"; 2) The defendant's conduct is so "extreme and outrageous . . . as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community"; 3) The defendant's intentional or reckless conduct proximately caused the plaintiff's emotional distress; and 4) The plaintiff suffered emotional distress that is "so severe that no reasonable [person] could be expected to

endure it." *Juzwiak v. Doe*, 415 N.J. Super. 442, 451, 2 A.3d 428, 433 (App. Div. 2010) (citing and quoting *Buckley v. Trenton Saving Fund Socy.*, 111 N.J. 355, 544 A.2d 857 (1988).) To meet federal pleading standards, it would not be enough to plead these legal elements; the Complaint would have to plead plausible *facts* in support of them. This Complaint does not.

The Complaint does not factually, or even in a conclusory fashion, allege that Great Flags acted intentionally or with an equivalent degree of recklessness. The only mental state alleged factually (other than in the name of the IIED tort) is negligence.

The Complaint does not factually, or even in a conclusory fashion, allege extreme and outrageous conduct. It alleges carelessness in the maintenance of the ride and supervision of employees, fairly typical of a negligence case.

The Complaint does not factually, or even in a conclusory fashion, allege emotional injury so severe that a reasonable person could not be expected to endure it. Negligence resulting in physical injury is not enough; if it were, every routine car accident case might be an IIED case. In general, the case law requires a higher showing, usually with physical *sequelae*.

The plaintiff's opposition to the motion[1] is accompanied by a certification to the effect that the plaintiff has supplied medical evidence, and that she has suffered physical injuries as well as post-traumatic stress disorder (PTSD). (ECF no. 7-1) A deficient complaint cannot be remedied by affidavit. The plaintiff's brief and certification add that no depositions have occurred, and there has been no settlement conference. The relevance of those contentions to a Rule 12(b)(6) motion is incidental at best. The plaintiff adds that discovery "may reveal a variety of things," including prior incidents. (ECF no. 7 at 2) Again, this does not bear on the sufficiency of the Complaint's IIED allegations.

To some degree, it is not surprising that this Complaint fails to comply with federal pleading standards; it was filed in State court under State

---

[1] The docket contains three (ECF nos. 7, 9, 12), but they are identical.

standards. Like many a defendant, Six Flags has taken a State complaint, removed it to federal court, and then criticized it for not looking like a federal-court complaint. Thus, although I grant the motion for partial dismissal, I grant it without prejudice to the filing of an amended complaint within 30 days.

One final matter. Six Flags objects that, although Paragraph 17 of the Complaint states that Exhibits A through E, "depicting the Plaintiff's condition," are attached, they are not in fact attached to the copy of the Complaint that is filed on the docket. Defendants therefore seek to strike paragraph 17. Because it is of no significance, and I have not taken it into account, I deny that application as superfluous. If such exhibits are deemed necessary, the plaintiff may attach them to any amended version of the Complaint.

## III. CONCLUSION

For the reasons set forth above, the motion to dismiss the Complaint to the extent it asserts a claim for intentional infliction of emotional distress is GRANTED. The motion to strike paragraph 17 is denied. This dismissal is without prejudice to the filing, within 30 days, of a properly supported motion to amend the Complaint, pursuant to Fed. R. Civ. P. 15, with a proposed amended complaint attached.

An appropriate order follows.

Dated: July 13, 2017

HON. KEVIN MCNULTY, U.S.D.J.